BZS/RJC:dj 24-84

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NESLI ADAME NAVA, as Special Administrator of the Estate of, ELIEL ISAI GARCIA, deceased<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA.<br><br>      Defendant, | Case No. |

## COMPLAINT AT LAW

1. Plaintiff, NESLI ADAME NAVA, as Special Administrator of the Estate of, ELIEL ISAI GARCIA, Deceased, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January

1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., the Plaintiff on or about November 22, 2024 presented her claim to the appropriate federal agency for administrative settlement under the FTCA requesting $100,000,000.00 or more. Although the Plaintiff's administrative claim has not been denied, six months have now passed since the claim was presented, and Plaintiff may treat the passage of such time as a denial.

5. This action is timely, as Plaintiff first filed suit against Defendant Jamil Abdur-Rahman, M.D. on October 2, 2024—less than 2 years removed from the dates on which the professional negligence occurred. Then, on November 22, 2024, after Plaintiff was made aware of the possibility of Dr. Abdur-Rahman being associated with a federally funded clinic, Plaintiff filed an administrative tort claim with the Department of Health and Human Services. On April 10, 2025, just over one month before Plaintiff's administrative claim could be denied due to the passage of six months with no response, the United States filed a notice of removal. On February 4, 2026, Honorable Judge John Blakey of this Court granted the United States' motion to dismiss for lack of subject matter jurisdiction based upon Plaintiff's failure to exhaust administrative remedies. Plaintiff now files the instant complaint after the passage of six months with no response to her administrative claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. At all times mentioned herein, Plaintiff NESLI ADAME NAVA, as Special Administrator of the Estate of, ELIEL ISAI GARCIA, Deceased, was and is a citizen of the United States, and was within the district of this Court.

8. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

9. Defendant Jamil Abdur-Rahman, M.D. was employed by the Lake County Health Department and Community Health Center ("LCHD/CHC") at the time this cause of action accrued. LCHD/CHC is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b.

10. While Dr. Abdur-Rahman's treatment at issue was provided at Vista Medical Center East—a private facility where Dr. Abdur-Rahman works as their Chairman of Obstetrics and Gynecology—Honorable Judge John Blakey has ruled that Dr. Abdur-Rahman was acting within the scope of his employment at LCHD/CHC with respect to the incidents referred to in this complaint.

## COUNT I – FEDERAL TORT CLAIMS ACT/PROFESSIONAL NEGLIGENCE
## UNITED STATES OF AMERICA/JAMIL ABDUR-RAHMAN, M.D.

11. At all times herein mentioned WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA MEDICAL CENTER EAST (hereinafter referred to as "VISTA MEDICAL") was a duly licensed hospital corporation licensed in the State of Illinois, County of Lake and employed various physicians, CNA's, Nurses, LPN's, including but not limited to JAMIL ABDUR-RAHMAN, M.D.

12. At all times herein mentioned, Defendant JAMIL ABDUR-RAHMAN, M.D., was a physician licensed to practice medicine in the State of Illinois and specialized in Obstetrics and Gynecology.

13. On October 6, 2022, the Defendant, JAMIL ABDUR-RAHMAN, M.D., was the attending physician on admission to VISTA MEDICAL for Plaintiff, NESLI ADAME NAVA.

14. At that time, an ultrasound was done which showed a right sided pleural effusion with polyhydramnios with AFI of 36cm.

15. The estimated fetal weight was 97th percentile.

16. Patient was having contractions every 15 minutes.

17. Patient was given terbutaline.

18. Patient was 37 weeks and 4 days pregnant, by date.

19. The ultrasound of the baby's growth was a sonographic age of 39 weeks and 1 day.

20. The patient was discharged on October 6, 2022, with polyhydramnios and a large right sided pleural effusion with some amniotic fluid leaking.

21. The patient was never given an IV nor antibiotics.

22. The decedent was not delivered that day.

23. The Plaintiff, NESLI ADAME NAVA, re-presented to VISTA MEDICAL on October 9, 2022, with leakage of fluid.

24. The patient was admitted and ultimately transferred to Evanston Hospital.

25. An ultrasound showed fetal hydrops due to isoimmunization affecting the mother in the third trimester.

26. The baby was delivered on October 10, 2022 from septic shock.

27. The baby was admitted to the PICU, neonatal intensive care unit where the baby went septic and ultimately died on October 20, 2022.

28. On October 6, 2022, and continuing thereafter, Defendant, UNITED STATES OF AMERICA, through JAMIL ABDUR-RAHMAN, M.D., deviated from the standard of care in the following ways:

   a. Improperly discharged the patient on October 7, 2022, or
   b. Failed to recommend delivery on October 6, 2022, or
   c. Failed to recognize the signs of fetal infection on October 6, 2022, or
   d. Inappropriately gave terbutaline to stop labor, on October 6, 2022, or
   e. Failed to give IV and antibiotics on October 6, 2022, or
   f. Failed to deliver the baby on October 6, 2022.

29. As a proximate result of one or more of the aforementioned negligent acts or omissions of JAMIL ABDUR-RAHMAN, M.D., the decedent died on October 20, 2022.

30. Plaintiff, NESLI ADAME NAVA, is the duly appointed Special Administrator of the Estate of ELIEL ISAI GARCIA, by virtue of an order entered in the Circuit Court of Cook County, Law Division.

31. In compliance with 735 ILCS 5/2-622, Plaintiff hereto attaches an Affidavit pursuant to statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NESLI ADAME NAVA, as Special Administrator of the Estate of, ELIEL ISAI GARCIA, deceased, requests judgment as follows against the Defendant:

1. That the Defendant be required to pay Plaintiff's general damages, including physical, emotional, and mental injuries, as well as medical expenses in a sum to be ascertained;
2. That Defendant be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;
3. That the Defendant be required to pay Plaintiff's costs of the suit herein incurred; and
4. That Plaintiff have such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

    Respectfully submitted,

    /s/ *Rory J. Cannon*
    BRADLEY Z. SCHULMAN
    RORY J. CANNON
    Attorneys for Plaintiff

**NAPLETON & PARTNERS**
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
ARDC No. 6350270
bschulman@rjnlawoffice.com
rcannon@rjnlawoffice.com
mwoolman@rjnlawoffice.com